[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CLARIFICATION (#154)
This case came to this court for orders and an evidentiary hearing to determine the sales price in terms of sale of the property known as the Blue Cross Animal Hospital at 530 East Putnam Avenue, Greenwich, Connecticut. The court heard motions #150 and motion #149 and rendered its decision on February 27, 1997.
At that time, the court specifically did not address the issues raised in Motion #154 since this court felt it was beyond what the court had reserved to itself on the hearing on Motion #150 and #149.
After a hearing, both parties agreed that this issue would be submitted to this court for resolution. The issue presented in the Motion is whether the calculation of the defendant of $124,980 is the correct amount for the purchase of the veterinarian practice under Paragraph 3B of the Agreement between the parties dated April, 1982 and attached to the motion as Exhibit A. The plaintiff claims the amount due under said paragraph is $99,984.
The language of the relevant part of the agreement to determine the amount of the accelerated note, appears on the bottom of page 3 at the end of Article 3B as follows: "The balance of said accelerated note, shall be computed by multiplying $4,166 by the total number of months left unpaid on said note, which figure shall then be discounted by 50% 80% percent of such figure shall represent principal and 20% of such figure shall represent interest." The defendant claims it is simply the amount times the number of months divided by 50% The plaintiff claims it is the amount times 60 months divided by 50% times 80%
The court finds no ambiguity in the formula. It is abundantly clear that the balance of the accelerated note is computed as set forth in one declarative sentence. The 80% and 20% figure are merely to indicate what percentage represents principal and what percentage represents interest. Probably, that sentence should have gone at the end of the paragraph.
The paragraph would have flowed better had that sentence been at the end because the next sentence provides for the prepayment provision. Note, that sentence gives us some guidance as to what is the formula if there were an ambiguity which this court does not CT Page 4099 find. In the relevant part of the last sentence it says, ". . . the unpaid principal balance, will be computed as aforesaid, to wit: multiplying $4,166 by the number of months left unpaid on said note and discounting such figure by 50%" This sentence refers to the formula aforeside and uses the words "to wit", which means "namely" and recites it again. Note, it does not address the 80 — 20 split.
The court has further reviewed the testimony of the parties and the court's inquiry concerning this issue. The court read the defendant's testimony on pages 35 and 36. The plaintiff's testimony was on pages 6 and 8 and 52 and 52. The court's inquiry was on pages 44 through 50.
The court finds no ambiguity, finds that the language is clear and finds that the amount due on the purchase of the veterinary practice is $124,980 assuming a closing on April 30, 1997.
So Ordered
Dated at Stamford, Connecticut, this 11 day of April, 1997
KARAZIN, J.